**Clyde MARTIN, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 1185S481.**

Supreme Court of Indiana.

Sept. 10, 1987.

Robert L. Stephan, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Clyde Martin was accused of fatally shooting Hugh Tucker in a South Bend tavern on February 25, 1984. A jury found Martin guilty of murder, Ind.Code § 35–42–1–1(1) (Burns 1985 Repl.), and the trial court sentenced him to 35 years imprisonment.

Martin raises two issues on direct appeal:

1) Whether the evidence was sufficient to support his conviction in light of his self-defense claim; and

2) Whether on rebuttal the trial court properly admitted the defendant's inculpatory statement made several months after the shooting.

### I. Sufficiency of the Evidence

Martin argues that the jury's determination of guilt is unsupported by the evidence because it showed that he acted in self-defense. A valid claim of self-defense is legal justification for an otherwise criminal act. *Jennings v. State* (1974), 262 Ind. 476, 318 N.E.2d 358.

When reviewing a sufficiency claim, this Court will consider only the evidence most favorable to the verdict with all logical inferences drawn therefrom. *Spinks v. State* (1982), Ind., 437 N.E.2d 963. We will not reweigh the evidence nor judge the credibility of witnesses. The verdict will not be disturbed when there is substantial probative evidence from which the trier of fact could reasonably infer guilt beyond a reasonable doubt. *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

To prevail on a claim of self-defense in a homicide prosecution, the defendant must show that he was in a place where he had a right to be, that he acted without fault, and that he had a reasonable fear of death or great bodily harm. *Wade v. State* (1985), Ind., 482 N.E.2d 704; *see also* Ind.Code § 35–41–3–2. Once the defendant raises the issue of self-defense, the State bears the burden of disproving the existence of one of the elements of self-defense. *Green v. State* (1982), Ind., 438 N.E.2d 266. Among the ways this burden can be met is to present evidence sufficient to convince a reasonable juror beyond a reasonable doubt that the defendant, in light of all the circumstances known to him, could not have entertained a bona fide belief he was in danger of death or great

bodily harm. *Shutt v. State* (1977), 267 Ind. 110, 367 N.E.2d 1376.

■ The evidence most favorable to the verdict showed that on February 25, 1984, Martin spent most of the day drinking in Austin's Bar in South Bend. He brought a handgun into the establishment and eventually placed it in a friend's purse. Tucker, accompanied by his girlfriend, also had been drinking in the bar. Tucker was angry at Martin for allegedly making some comments about Tucker's girlfriend.

Shortly before the shooting, Martin was in the rear area of the bar with Tucker. When Martin said he was going to leave, Tucker pushed him into the coat rack. Martin soon retrieved his handgun and walked over to Tucker, who was standing at the bar. Martin asked to talk to him, and Tucker started walking in Martin's direction. Martin shot Tucker twice. Tucker fell on Martin after the second shot and died shortly thereafter.

Martin's defense rested on the theory that Tucker had struck Martin immediately *before* Martin fired the first shot. The defense produced witnesses who testified that Tucker was a large man with a violent nature, whereas Martin was short and suffered from numerous illnesses, including serious heart disease. Martin testified that Tucker attacked him first during their last encounter and that he shot because he feared for his life.

Martin's account of the skirmish was not supported by any other witness. A few witnesses did not see either the original encounter at the coat rack or the later confrontation ending in the gun shots. Several others testified unequivocally that Martin fired the shots without provocation. Although one witness testified that Tucker did land some blows *between* the shots, Martin's conduct was not justified. Self-defense may not be asserted by one who was the aggressor in the confrontation which resulted in injury. *Davis v. State* (1983), Ind., 456 N.E.2d 405; *see also Brumfield v. State* (1982), Ind., 442 N.E.2d 973 (defendant was not acting in self-defense when he shot the victim, who had no weapon and did not appear to be threaten-

ing the defendant in any manner that would justify such force). The jury's rejection of Martin's claim of self-defense was supported by the evidence.

## II. Rebuttal Evidence

■ Martin filed a motion *in limine* seeking to bar the testimony of Shirley Hooker, who heard Martin make an incriminating statement in a tavern several months after the fatal shooting. Hooker overheard an acquaintance ask Martin whether he was afraid to be seen in public. According to Hooker, Martin replied, "No, because if anybody bothers me or messes with me, I'll pop them like I did Lee Tucker." The trial court granted the motion *in limine* "with the understanding that the evidence may be relevant (and) admissible at rebuttal."

When the State attempted to call Hooker as a rebuttal witness, the defense objected and the trial court conducted a hearing on the issue outside the jury's presence. Martin argued that evidence of the statement was irrelevant and constituted improper impeachment because Martin had not been confronted with the statement when he testified. After hearing Hooker's testimony, the trial court overruled the defense's objection and the jury returned to hear the testimony.

We conclude that Hooker's testimony was not so much impeachment as direct evidence presented as rebuttal. Rebuttal evidence is any competent evidence used to explain, contradict or disprove an adversary's proof. *Seltzer v. State* (1986), Ind., 489 N.E.2d 939. Admission of rebuttal evidence is within the discretion of the trial court.

When the defense presents evidence regarding the defendant's state of mind at the time of the crime, the State in rebuttal may present evidence that negates the purported state of mind. *See, e.g., Ramos v. State* (1982), Ind., 433 N.E.2d 757. Such was the case here, where Martin claimed self-defense and the State appropriately countered on rebuttal with Martin's statement indicating that he was the aggressor.

The judgment of the trial court is affirmed.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.