Macie C. HARVEY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45A03–9409–CR–362.

Court of Appeals of Indiana.

June 30, 1995.

Rehearing Denied Nov. 16, 1995.

Charles E. Stewart, Jr., Appellate Public Defender, Crown Point, for appellant.

Pamela Carter, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, for appellee.

**OPINION**

GARRARD, Judge.

After a jury trial Macie Harvey was convicted of murder. His appeal challenges one of the final instructions given by the court concerning his defense of self defense. The court gave twenty-three final instructions, eight of which related to Harvey's claim of self defense. The one challenged [Final instruction # 14] stated,

A person who is not in his home or fixed place of business and is carrying a handgun without a license cannot by law claim the protection of the law of self defense.

Evidence at trial disclosed that Harvey admitted to police that he did not have a license to carry the handgun used to commit the homicide. He argues that the instruction therefore conclusively denied him his only defense to the charge.

The trial court determined and the state argues that since carrying a handgun without a license is a criminal offense [IC 35–47–2–1 made a Class A misdemeanor by IC 35–47–

2–23(c) ], literal application of the self defense statute, IC 35–41–3–2, both authorizes and requires such an instruction. We disagree.

■ At the outset we recognize that the manner of instructing the jury lies within the sound discretion of the trial court. Thus, we will not find reversible error unless an instruction error, when considered with the rest of the instructions as a whole and in reference to each other, is such that the charge to the jury misstates the law or otherwise misleads the jury as to the law applicable to the case. *Starks v. State* (1993) Ind. App., 620 N.E.2d 747, 750–751. A defendant is entitled to have the jury instructed correctly on an essential rule of law. *Hill v. State* (1993) Ind., 615 N.E.2d 97, 99. A defendant is also entitled to an instruction on any defense which has some foundation in the evidence, even when that evidence is weak or inconsistent. *Strong v. State* (1992) Ind.App., 591 N.E.2d 1048, 1050 (trans. denied).

Taken in isolation, a literal reading of subsection (d)(1) of the self defense statute appears to support the state's position. It provides,

(d) Notwithstanding subsections (a), (b), and (c) of this section, a person is not justified in using force if: (1) He is committing, or escaping after the commission of, a crime;

■ But statutes, like instructions, must be read as a whole. That one is entitled to defend himself under circumstances where it reasonably appears that he is in danger of bodily harm has long been firmly entrenched in our law. *See, e.g., Johnson v. State* (1971), 256 Ind. 579, 271 N.E.2d 123; *Hughes v. State* (1937) 212 Ind. 577, 10 N.E.2d 629; *Duncan v. State* (1882) 84 Ind. 204. A valid claim of self defense is legal justification for an otherwise criminal act. *Martin v. State* (1987) Ind., 512 N.E.2d 850. Indeed, that policy has been so strongly endorsed by our legislature that the opening subsection of IC 35–41–3–2 states in part, "No person in this state shall be placed in legal jeopardy of any kind whatsoever for protecting himself or his family by reasonable means necessary."

■ If subsection (d)(1) is to be taken literally, then no person may claim self defense if that person at the time he acts is coincidentally committing some criminal offense. For example, possession of a marijuana cigarette or the failure to have filed one's income tax returns could deny one the defense no matter how egregious, or unrelated, the circumstances that prompted the action. Read as a whole, the statute refutes such a construction. Its intent is to preclude the defense where it is sought by one who was actively engaged in the perpetration of a crime, and that criminal activity produced the confrontation wherein the force was employed. Our supreme court has, at least inferentially, supported this construction in *Jones v. State* (1986) Ind., 491 N.E.2d 999. There the court held that whether the defendant was justified in firing a sawed-off shotgun in self defense was properly a question for the jury, [even though possession of such a weapon is a felony pursuant to IC 35–47–5–4.1].

In the present case the trial court in its final instruction no. 8 advised the jury of the definition of self-defense, including all three of the provisos of IC 35–41–3–2(d). That was proper and properly left for the jury the determination of the existence of whether the shooting was justified. But in instruction 14 the court denied the jury consideration of Harvey's claim of self defense. The instruction was in error because it ignored any nexus between the crime and the shooting. The error was reversible because on the undisputed evidence that Harvey did not possess a firearms license, it denied him consideration of his claim of self-defense.

The judgment is reversed and the case is remanded for a new trial.

STATON and NAJAM, JJ., concur.