Danny FLOWERS, Appellant,

v.

STATE of Indiana, Appellee.

No. 79S02–9508–CR–995.

Supreme Court of Indiana.

Aug. 28, 1995.

Jimmie D. Bowlin, Jr., Crawfordsville, for appellant.

Pamela Carter, Attorney General, Louis E. Ransdell, Deputy Attorney General, Indianapolis, for appellee.

PER CURIAM.

■ This case comes to us on petition to transfer. Ind.Appellate Rule 11(B). In a memorandum decision, the Court of Appeals affirmed appellant Danny Flowers's convictions and sentence. *Flowers v. State* (1994), Ind.App., 635 N.E.2d 1159. Appellant raises multiple issues, but we decide only one: whether the trial court abused its discretion in denying appellant's motion for continuance, where that continuance was required in order for the defense to obtain the testimony of an essential expert witness on the genetic testing performed on appellant's blood sample.

On May 17, 1991, appellant allegedly raped and robbed H.B. Police initially suspected Appellant's brother, Robert, and obtained a sample of his blood under the authority of a search warrant. The tests on that sample indicated that Robert was not the perpetrator of the crimes, but that it was likely that a close relative of his was. Police acted on that and other information to support the issuance of an arrest warrant for appellant. The police later obtained an order from the court authorizing them to have a hospital draw appellant's blood for further genetic testing. Those tests indicated a match between appellant's DNA and that of the attacker.

On November 9, 1992, Professor Randell T. Libby, Appellant's DNA expert, faxed the defense to inform them that he was withdrawing from the case because he had been prevented from obtaining necessary materials. Appellant's counsel made repeated unsuccessful attempts to contact him. Libby had recommended two other experts and one of these, Peter D'Eustachio, was available. He could not, however, be prepared until November 20, 1992. Appellant concluded the presentation of his case, except for the expert DNA testimony, on the afternoon of November 19, 1992. D'Eustachio would have been ready to testify the following morning.

Earlier, Appellant had been denied a continuance that was needed for Libby to prepare for trial. Just prior to the conclusion of the defense presentation, the court also denied a one-day continuance that was needed in order to find a replacement expert witness, D'Eustachio, and prepare him for trial. Appellant was convicted in a jury trial and was sentenced to a total of 83 years in prison.

 When a defendant's motion for continuance is made due to the absence of material evidence and it satisfies the statutory criteria, then the defendant is entitled to the continuance as a matter of right. *Vaughn v. State* (1992), Ind., 590 N.E.2d 134, 135; *see* Ind.Code Ann. § 35–36–7–1 (West 1986). When a motion for continuance does not satisfy the statutory requirements, the trial court's decision is given substantial deference, reviewable only for abuse of discretion. *Id.* at 136.

The motion at issue in this case is of the second type. This Court has clearly stated the obligations of the trial court in such situations:

> In ruling upon the latter type motion, the trial court should give heed to the diverse interests of the opponent of the motion which would be adversely impacted by altering the schedule of events as requested in the motion, and give heed as well to the diverse interests of the movant to be beneficially impacted by altering the schedule.

*Id.* at 135. There is nothing in the record indicating that the appropriate balancing was done. There is nothing in the record that indicates that the prosecution's interests would have been substantially undermined by a delay of less than 24 hours, while it is obvious that the grant of a continuance would have satisfied important interests of the defense.

In criminal cases where DNA evidence plays a prominent role, the jury is likely to give it much credence. *See generally Harrison v. State* (1995), Ind., 644 N.E.2d 1243, 1250–1253. Technical experts testifying that the chance of samples from two different individuals matching is one in a million can have a dramatic effect on a jury. The only opportunity the defendant has to protect his presumption of innocence is to offer an equal-ly prominent expert who might be able to explain some of the limitations, nuances, complications, and inadequacies of the testing. The trial court's decision in this case to deny a one day continuance, the result of which would have been an adequate vindication of appellant's rights, made this impossible, violated appellant's due process rights, and was an abuse of discretion.

### Conclusion

Accordingly, we grant transfer, vacate the opinion of the Court of Appeals, and remand to the trial court for a new trial or further consistent proceedings.