Tommie Lee BYRD, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A05–9709–CR–386.

Court of Appeals of Indiana.

March 16, 1999.

Robert W. Rock, Anderson, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

STATON, Judge

Following a jury trial, Tommie Lee Byrd appeals his convictions for Burglary, a Class B felony;[1] Attempted Rape, a Class B felony;[2] Criminal Confinement, a Class D felony;[3] Sexual Battery, a Class D felony;[4] and Battery, a Class B misdemeanor.[5] Byrd raises seven issues on appeal, which we restate as eight:

I. Whether the trial court erred by denying Byrd's motion for a continuance.

II. Whether the trial court erred by refusing Byrd's request to recall the victim for additional testimony.

III. Whether the trial court erred by excluding certain testimony that Byrd attempted to elicit during cross-examination.

IV. Whether the trial court erred by refusing to admit relevant evidence.

V. Whether the evidence is sufficient to support Byrd's conviction for Burglary.

VI. Whether the trial court erred by refusing an instruction tendered by Byrd regarding the defense of legal authority.

VII. Whether the trial court erred by admitting hearsay testimony.

VIII. Whether Byrd's convictions and sentences for both Attempted Rape and Sexual Battery violate the Double Jeopardy Clause.

We affirm in part, reverse in part, and remand.

The facts most favorable to the verdict reveal that Byrd entered a home shared by the victim and her mother on November 4, 1995. Byrd entered a bedroom in which the victim was watching television. The victim, who recognized Byrd as someone who had been in the house before with her mother, asked Byrd to leave. Byrd did not immediately leave. Rising from the bed, the victim again asked Byrd to leave and threatened to call the police. Byrd stated: "I came to do what I was gonna do." Record at 206–07. Byrd then pushed the victim onto the bed, placed himself on top of her, and tried to pull her shirt up. The victim told him to stop. Byrd touched the victim's breasts, and kissed her cheek. Byrd then tried to remove the victim's shorts. The victim grabbed a cordless phone and tried to dial 911, but Byrd took the phone from her, removed the batteries, and threw it. Byrd struck the victim in the chest with his fist.

1. IND.CODE § 35–43–2–1 (1993).

2. IND.CODE §§ 35–41–5–1 and 35–42–4–1 (1993).

3. IND.CODE § 35–42–3–3 (1993).

4. IND.CODE § 35–42–4–8 (1993).

5. IND.CODE § 35–42–2–1 (Supp.1995).

The victim told her four-year-old daughter, who was standing outside the bedroom door crying, to get a neighbor. Byrd got up, and the victim ran to the front room and called 911. Byrd left the house. Additional facts are provided as needed.

## I.

### *Continuance*

Byrd argues that the trial court erred by denying a motion for continuance he made near the end of his trial. Byrd sought to secure the testimony of the victim's mother at trial. Defense counsel and the State made repeated efforts to locate and serve a subpoena on her. They were unsuccessful. After the jury had been sworn, the State had rested, and the defense had presented most of its case, Byrd orally requested a continuance so that the victim's mother could be located and brought to testify. The trial court denied the continuance, which Byrd contends was error.

■■ "When a defendant's motion for continuance is made due to the absence of material evidence and it satisfies the statutory criteria [of IND.CODE § 35–36–7–1 (1993) ], then the defendant is entitled to the continuance as a matter of right." *Flowers v. State,* 654 N.E.2d 1124, 1125 (Ind.1995). Byrd's motion did not satisfy the statutory criteria because it was neither timely nor did he file an affidavit. *See* IC 35–36–7–1. Therefore, the trial court's decision is given substantial deference and is reviewed only for an abuse of discretion. *Id.* Our supreme court has stated the trial court's obligations in ruling on a motion that does not satisfy the statutory criteria:

> [T]he trial court should give heed to the diverse interests of the opponent of the motion which would be adversely impacted by altering the schedule of events as requested in the motion, and give heed as well to the diverse interests of the movant to be beneficially impacted by altering the schedule.

*Id.* (quoting *Vaughn v. State,* 590 N.E.2d 134, 135 (Ind.1992)).

■ Near the end of the trial, Byrd requested a continuance of at least five days in order to secure the testimony of the victim's mother, who might have supported his defense to the Burglary charge. Given that both defense counsel and the State had made repeated, unsuccessful attempts to secure the witness's testimony and given the burden that such a continuance would place on the State and the court, we hold that the trial court did not abuse its discretion in denying Byrd's motion.

## II.

### *Recall of Victim*

■■ Byrd contends that the trial court erred by refusing his request to recall the victim so that he might elicit additional testimony for impeachment purposes. The decision as to whether to permit the recall of a witness is within the sound discretion of the trial court. *Clark v. State,* 668 N.E.2d 1206, 1208 (Ind.1996), *reh. denied, cert. denied,* 520 U.S. 1171, 117 S.Ct. 1438, 137 L.Ed.2d 545 (1997). The record reveals that the victim had been made available for recall, but Byrd did not call her during that time. Too, Byrd sought to recall the victim, at least in part, to elicit testimony that the trial court had already ruled was inadmissible. We hold that the trial court did not abuse its discretion in denying Byrd's request for the victim's recall.

## III.

### *Exclusion of Evidence*

■ Byrd argues that the trial court erred by excluding testimony that Byrd sought to elicit during cross-examination. First, while cross-examining the victim, Byrd asked the victim whether she told a police officer that she wanted a home with only one key. The State objected that this question was beyond the scope of direct, and the trial court sustained the objection. Although Byrd claims this was error, Byrd provides no argument on appeal regarding why the objection should have been overruled. Therefore, the argument is waived. *Mitchell v. Stevenson,* 677 N.E.2d 551, 558 n. 3 (Ind.Ct.App.1997), *trans. denied;* Ind. Appellate Rule 8.3(A)(7).

312

Second, Byrd asked the victim whether she was upset with her mother about having black men in the house. The State objected that this question was irrelevant, and the trial court sustained the objection. Again, Byrd provides no cogent argument regarding why this objection should not have been sustained. The argument is waived. *Mitchell*, 677 N.E.2d at 558 n. 3; App. R. 8.3(A)(7).

■ Finally, Byrd sought to elicit testimony from two other witnesses regarding statements the victim made to them about black men in the house. The State objected that the statements were hearsay, and the trial court sustained these objections. On appeal, Byrd argues that the statements were admissible as statements by a party opponent, citing Ind. Evidence Rule 801(d)(2). Because Byrd did not make this argument in support of the evidence's admissibility at trial, the argument is waived. *See Wells v. State*, 441 N.E.2d 458, 463 (Ind.1982), *reh. denied.*

## IV.

### *Relevance*

Byrd sought to establish at trial that he had permission from the victim's mother to enter the house whenever he wanted. The victim's mother did not testify at trial. Byrd testified of his belief that he had been given permission to come and go as he pleased. Byrd also sought to introduce the testimony of a neighbor, who had witnessed the manner by which Byrd had entered the home on prior occasions. The State objected, arguing that the testimony was not relevant. The trial court sustained this objection, which Byrd contends was error.

■ The trial court has broad discretion in ruling on the admissibility of evidence. *Drake v. State*, 655 N.E.2d 574, 575 (Ind.Ct. App.1995). We will disturb its ruling only upon a showing of abuse of that discretion. *Id.* Relevant evidence is that evidence tending to "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ind. Evidence Rule 401. An element of Burglary is breaking. IC 35–43–2–1. "Breaking is proved by showing that even slight force was

used to gain *unauthorized* entry...." *Thompson v. State*, 692 N.E.2d 474, 477 (Ind. Ct.App.1998) (quoting *Henley v. State*, 522 N.E.2d 376, 379 (Ind.1988)) (emphasis added). If Byrd had permission to enter the house, his entry would not have been unauthorized. Thus, evidence tending to establish this permission would be relevant.

■ Had she been permitted, the neighbor would have testified that she was in the house on a prior occasion when Byrd entered the house. The door to the house was open, but there was a screen door. Byrd walked up to the screen door, said hello, and entered the house. This evidence does not tend to establish that Byrd had permission from the victim's mother to enter the house whenever he wished. At most, the evidence would establish that Byrd had permission to enter the house on that particular occasion. Accordingly, we hold that the trial court did not abuse its discretion by excluding the neighbor's testimony on this matter.

## V.

### *Sufficiency of the Evidence*

■ Byrd argues that there was insufficient evidence to support his conviction for Burglary. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan v. State*, 656 N.E.2d 816, 817 (Ind.1995), *reh. denied.* We look to the evidence and the reasonable inferences therefrom that support the verdict. *Id.* The conviction will be affirmed if evidence of probative value exists from which a jury could find the defendant guilty beyond a reasonable doubt. *Id.*

■ Byrd contends that the State did not prove the breaking and entering element of Burglary. "Breaking is proved by showing that even slight force was used to gain unauthorized entry including opening an unlocked door." *Thompson*, 692 N.E.2d at 477. Opening a window without authorization is also breaking. *Id.* The State presented evidence from which the jury could have reasonably inferred that Byrd entered the home by opening the house's closed front door or by

opening a basement window. This evidence is sufficient to support the breaking and entering element.

Byrd argues that the evidence supports the conclusion that he had permission from the victim's mother to enter whenever he wished. Byrd invites us to reweigh the evidence, which we may not do. *Jordan,* 656 N.E.2d at 817.

## VI.

### *Legal Authority Instruction*

 Byrd argues that the trial court erred by refusing to give an instruction he tendered regarding the defense of legal authority. Specifically, Byrd argues that he was entitled to an instruction regarding legal authority because there was evidence in the record that he had permission to enter the victim's house. The manner of instructing the jury lies within the sound discretion of the trial court. *Harvey v. State,* 652 N.E.2d 876, 877 (Ind.Ct.App.1995), *trans. denied.* In considering whether any error results from refusal of a tendered instruction, we consider (1) whether the tendered instruction correctly states the law, (2) whether there is evidence in the record to support giving the instruction, and (3) whether the substance of the instruction is covered by other instructions. *Taylor v. State,* 587 N.E.2d 1293, 1303 (Ind.1992), *reh. denied.* A defendant is entitled to an instruction on any defense that has some foundation in the evidence, even when that evidence is weak or inconsistent. *Harvey,* 652 N.E.2d at 877.

 The jury was instructed as follows: "A Defendant's belief that he has permission to enter must be reasonable in order for the defendant to avail himself of the defense of consent." Record at 91. Thus, the jury was informed that consent to enter the home of the victim was a valid defense. Byrd offered his legal authority instruction for the same purpose. Since the substance of Byrd's legal authority instruction was covered by the consent instruction, the trial court did not abuse its discretion in denying it.

## VII.

### *Hearsay*

Byrd contends that the trial court erred by admitting testimony that contained hearsay. The State asked the victim whether she overheard a police officer ask a third person whether the front door to the victim's house was locked on November 4, 1995. The victim responded that she overheard this conversation and that the officer confirmed with the third person that the door had indeed been locked. Byrd objected at trial, but the trial court overruled the objection.

 Byrd correctly argues that the victim's response is hearsay to the extent that it was offered for the purpose of establishing that the door was in fact locked. *See* Ind. Evidence Rule 801(c). However, we conclude that admission of the testimony was harmless, since it was cumulative of other properly admitted evidence. *Borders v. State,* 688 N.E.2d 874, 878 (Ind.1997). The third person referred to above testified at trial and stated her belief that the door was locked that day.

## VIII.

### *Double Jeopardy*

 Byrd contends that his convictions for both Attempted Rape and Sexual Battery violate the Double Jeopardy Clause of the federal and state constitutions. We need not address Byrd's contention because we conclude that Byrd's conviction and sentence for both crimes violates IND.CODE § 35-38-1-6 (1993). IC 35-38-1-6 provides: "Whenever: (1) a defendant is charged with an offense and an included offense in separate counts; and (2) the defendant is found guilty of both counts; judgment and sentence may not be entered against the defendant for the included offense." Citing IC 35-38-1-6 and IND.CODE § 35-41-1-16 (1988), which defines an included offense, this court held in *Griffin v. State,* 583 N.E.2d 191, 195-96 (Ind. Ct.App.1991), *reh. denied,* that Sexual Battery is a lesser included offense of Attempted Rape. The court ordered Griffin's conviction and sentence for Sexual Battery vacated. *Id.* at 196. Likewise, we order the trial court

to vacate Byrd's conviction and sentence for Sexual Battery.

Affirmed in part, reversed in part, and remanded.

KIRSCH, J., concurs.

ROBB, J., concurs in result.