**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JEFFREY STONEBRAKER**
Clark County Chief Public Defender
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRANDON A. HENSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 10A01-1201-CR-013 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CLARK CIRCUIT COURT
The Honorable Vicki L. Carmichael, Judge
Cause No. 10D01-1104-FA-018

**October 4, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Following a jury trial, Brandon Henson was convicted of attempted murder, a Class A felony, and sentenced to fifty years. Henson appeals his conviction, raising one issue for our review, which we restate as whether the trial court erred in denying his motion to continue the trial alleging the late discovery of exculpatory evidence. Concluding the trial court did not abuse its discretion because Henson did not identify the allegedly exculpatory evidence to the trial court and has demonstrated no prejudice from the denial of a continuance, we affirm.

## Facts and Procedural History

On March 28, 2011, Henson, David Jones, and a third, masked man entered the home Joshua McLain shared with his mother, Sharon. Joshua and Sharon had been able to see a car arrive at their home via a security camera feed, and when Jones tapped on the window and asked to be let in, Joshua let him in through the kitchen door. Jones had rented a room at the McLain house prior to this date. After he moved out, his step-daughter, Paschaline, and Henson, her boyfriend, had lived there for several weeks in early 2011, but had also moved out prior to this date.

Jones left the door open and Henson and the third man also entered the house. Henson shot Joshua, and as Joshua lost consciousness, he observed Henson and Jones put on masks and walk down the hallway toward his mother's bedroom. Joshua was rendered a quadriplegic as a result of the gunshot wound.

Sharon, armed with a handgun, exited her bedroom when she heard what sounded like two shots. Sharon saw two masked men in the hallway, one of whom raised his gun and fired at her. Sharon believed the man who fired was Jones, based upon her previous

2

acquaintance with him in comparison with the physical size of the shooter. Sharon fired one shot in return and ran back into her bedroom to call 911.

The shooting was apparently precipitated by an accusation that Joshua had molested Paschaline's son. Other violent incidents between Joshua and Jones and Henson had occurred after the accusation and prior to the shooting.

Henson was charged with the attempted murder of Joshua, a Class A felony. Jones was charged with the attempted murder of Sharon, and at the State's request, the trial court joined the cases for trial.[1] Henson filed a motion for speedy trial, and a jury trial was set for November 1, 2011. In addition, a final pre-trial conference was scheduled for October 18, 2011, at which time the trial court set a motion to continue/plea deadline of October 21, 2011. On October 26, 2011, the trial court took judicial notice on the record of the fact the motion to continue/plea deadline had expired and a jury had been called to appear for selection on November 1. On October 27, 2011, Henson filed a motion to continue the jury trial, alleging that on that date, counsel "learned of the existence of exculpatory evidence. With that information, counsel met with [the State]. Counsel further confirmed that this evidence was known to the prosecution several weeks prior – but the reliability of the information was in question. The information revealed to counsel could potentially validate the exculpatory evidence." Appellant's Appendix at 49. Counsel requested a continuance of the jury trial in order to investigate the potentially exculpatory information and noted that Henson joined in the

---

[1] Jones has also appealed his conviction, and we issue an opinion in his case today, as well. See Jones v. State, Cause No. 10A05-1201-CR-16 (Ind. Ct. App., Oct. 4, 2012).

request, waiving his speedy trial demand. At a final hearing on pre-trial motions on October 31, 2011, the trial court denied the motion to continue.

The jury trial began as scheduled on November 1, 2011, and on November 3, 2011, the jury found Henson guilty of attempted murder. Henson was sentenced to fifty years at the Department of Correction with five years suspended to probation. Henson now appeals. Additional facts will be supplied as necessary.

Discussion and Decision

I. Standard of Review

Indiana Code section 35-36-7-1 provides the procedure to be followed in seeking a continuance because of the absence of evidence or of a witness. See Ind. Code § 35-36-7-1(a), (b). Section 35-36-7-1(d) also provides that a defendant "must file an affidavit for a continuance not later than five (5) days before the date set for trial. If a defendant fails to file an affidavit by this time, then he must establish, to the satisfaction of the court, that he is not at fault for failing to file the affidavit at an earlier date." When a defendant's motion to continue satisfies the statutory criteria, the defendant is entitled to a continuance as a matter of right. Byrd v. State, 707 N.E.2d 308, 311 (Ind. Ct. App. 1999). Henson acknowledges that he did not meet all of the requirements of section 35-36-7-1 and that "the trial court was not under an obligation to grant his request." Appellant's Brief at 8.

Where a motion for continuance is filed on non-statutory grounds or fails to meet the statutory requirements, we review the trial court's decision to grant or deny the continuance for an abuse of discretion. Tharpe v. State, 955 N.E.2d 836, 843 (Ind. Ct. App. 2011), trans. denied. An abuse of discretion occurs when a decision is clearly

4

against the logic and effect of the facts and circumstances before the court or where the record demonstrates prejudice to the defendant from a denial of the continuance. Id. Continuances to allow additional time for preparation are generally disfavored in criminal cases. Id.

II. Denial of Motion to Continue to Investigate Exculpatory Evidence

Henson contends the trial court abused its discretion in denying his motion to continue because "the defense lost the opportunity to adequately prepare to present evidence related to [the alleged exculpatory evidence] which might have created a reasonable doubt that did not otherwise exist." Appellant's Br. at 7. On appeal, Henson identifies this exculpatory evidence as statements made about the shooting by Donald Wolfe to another inmate while Wolfe was in jail for an unrelated matter. Wolfe is the father of the boy Joshua allegedly molested. At trial, the evidence was addressed during the testimony of Clarksville Police Department Captain Darrell Rayborn:

> . . . [J]ust probably a month or so ago we received information from an inmate who gave us the name of Donald Wolfe and said that Donald Wolfe was possibly involved in the shooting. We talked to that inmate who gave us information where the gun he said was a three fifty-seven revolver, clothing, the dark clothing, the black clothing and the mask were in a plastic bag dumped in a rock quarry in Louisville. At this time we notified the Louisville Dive Team along with the Indiana State Dive Team, we went to that location, we spent probably eight to nine hours with sixteen divers or so searching for that and never found anything.
> * * *
> . . . I tried to talk to [Wolfe]. He did talk, but he denied any involvement in it.

Transcript at 206-08.

We note first that none of this information was included in Henson's motion to continue. Henson's counsel alleged she had, the day of filing, learned of the existence of

5

exculpatory evidence, but she did not elaborate on the nature of that evidence, either in the motion, or at the hearing several days later at which the motion was discussed and ultimately denied. See Appellant's App. at 49, Addendum to Tr. at 4-6. Henson cites our supreme court's statement in Flowers v. State, that when a continuance is at the trial court's discretion, the trial court "should give heed to the diverse interests of the opponent of the motion which would be adversely impacted by altering the schedule of events as requested in the motion, and give heed as well to the diverse interests of the movant to be beneficially impacted by altering the schedule." 654 N.E.2d 1124, 1125 (Ind. 1995) (quoting Vaughn v. State, 590 N.E.2d 134, 135 (Ind. 1992)). Based upon the information in the motion to continue, the trial court had no basis for determining Henson's interests or how they would be beneficially impacted by a continuance.

Henson also states that he is "particularly concerned" about the trial court's denial of his motion to continue because he alleged therein that the State had withheld the exculpatory evidence. Appellant's Br. at 11. In Brady v. Maryland, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963). However, our supreme court has held that "[i]f the favorable evidence becomes known to the defendant before or during the course of a trial, Brady is not implicated." Williams v. State, 714 N.E.2d 644, 649 (Ind. 1999), cert. denied, 528 U.S. 1170 (2000). Thus, to the extent Henson's motion to continue to the trial court or his appeal to this court could be said to raise a Brady claim, his reliance on Brady is misplaced.

6

The argument Henson makes to this court about what the exculpatory evidence referenced in his motion to continue was and what it meant for his defense was never made to the trial court. Based upon the facts and circumstances before the trial court at the time it denied Henson's motion to continue, we cannot say the trial court abused its discretion. And even considering the matter in context after the trial, at which Henson acknowledges the jury was informed of Wolfe's statement, the evidence showed that three men entered the McLain house on March 28, 2011, two of whom were positively identified by Joshua as Henson and Jones, and that Henson shot Joshua. Even if Henson had been given additional time to investigate Wolfe's alleged statements and been able to prove that Wolfe had been involved in the shooting, it is not likely that identifying the third man in the house would have changed the outcome of the proceeding that Henson was guilty of attempted murder for shooting Joshua and he has failed to demonstrate any prejudice from the denial of a continuance.

## Conclusion

The trial court did not abuse its discretion in denying Henson's non-statutory motion to continue filed on the eve of trial and Henson's conviction for attempted murder is therefore affirmed.

Affirmed.

BAKER, J., and BRADFORD, J., concur.

7