## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 29 2016, 5:48 am

CLERK
of the supreme court, court of appeals and tax court

| ATTORNEYS FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Joel M. Schumm | Gregory F. Zoeller |
| E.J. Last, Certified Legal Intern | Attorney General of Indiana |
| Appellate Clinic | |
| Indiana University Robert H. McKinney | Eric P. Babbs |
| School of Law | Deputy Attorney General |
| Indianapolis, Indiana | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Donald Wilson, | January 29, 2016 |
| *Appellant-Defendant,* | Court of Appeals Case No. 49A05-1504-CR-149 |
| v. | Appeal from the Marion Superior Court |
| State of Indiana, | The Honorable Clayton A. Graham, Judge |
| *Appellee-Plaintiff.* | The Honorable Steven J. Rubick, Magistrate |
| | Trial Court Cause No. 49G07-1408-CM-40244 |

**May, Judge.**

[1] Donald Wilson was convicted after a jury trial of two counts of Class A misdemeanor battery.[1] As the jury instruction Wilson challenges was not an abuse of discretion, we affirm.

## Facts and Procedural History

[2] Wilson was involved in an altercation with another concertgoer outside a show in Indianapolis. Security guards responded. Cory Berg took hold of Wilson's arm and wrist and took him toward the lobby. Wilson pivoted toward Berg and placed him in a chokehold. Wilson and Berg then went to the ground and Berg hit Wilson. Another guard, Stephen Garrison, applied force to a pressure point behind Wilson's ear, and then Berg was able to escape the chokehold.

[3] Berg and Garrison held Wilson on the ground, then placed him in a chair in the lobby. After Garrison and another guard, Logan Cooper, questioned Wilson, Wilson became agitated and jumped from the chair. He shoved Garrison and tried to flee. Garrison and Cooper restrained Wilson. Wilson kicked Garrison in the crotch, causing him pain. An Indianapolis police officer arrived and handcuffed Wilson.

[4] The State charged Wilson with two counts of battery, one alleging Berg was the victim and the other alleging Garrison was the victim. At his trial Wilson claimed self-defense and the trial court, over Wilson's objection, gave the jury

---

[1] Ind. Code § 35-42-2-1.

an instruction the State tendered regarding circumstances in which a person may not claim he used force in self-defense.

[5] The jury was instructed that:

> A person may use reasonable force against another person to protect himself from what the defendant reasonably believed to be the imminent use of unlawful force.
>
> However, a person may not use force if:
>
> He is committing a crime that is directly and immediately connected to the battery.
>
> He is escaping after the commission of a crime that is directly and immediately connected to the battery.

(App. at 73.) The jury found Wilson guilty as charged.

## Discussion and Decision

[6] The manner of instructing a jury is left to the sound discretion of the trial court. *Henderson v. State*, 795 N.E.2d 473, 477-78 (Ind. Ct. App. 2003), *reh'g denied*, *trans. denied*. The trial court's ruling will not be reversed unless the instructional error is such that the charge to the jury misstates the law or otherwise misleads the jury. *Id*. Jury instructions must be considered as a whole and in reference to each other. *Id*. In determining whether a defendant suffered a due process violation based on an incorrect jury instruction, we consider other relevant information given to the jury, including closing argument. *Id*.

Wilson argues the trial court's jury instruction was not "legally correct," (Appellant's Br. at 3), relying in part on *Henderson*. In *Henderson*, we determined an instruction similar to the one Wilson challenges was an incomplete statement of the law. *Id*. at 479. The *Henderson* instruction was:

> The defense of self-defense is defined by law as follows:
>
> A. A person is justified in using reasonable force against another person to protect himself or a third person from what he reasonably believes to be the imminent use of unlawful force. However, a person is justified in using deadly force only if he reasonably believes that force is necessary to prevent serious bodily injury to himself or a third person or the commission of a forcible felony. No person in this state shall be placed in legal jeopardy of any kind whatsoever for protecting himself or his family by reasonable means necessary. A person is not justified in using force if:
>
> 1. He is committing, or is escaping after the commission of, a crime.

*Id*. at 477-78.

The instruction as given was an incomplete statement of the law because it did not explain to the jury that there must be a causal connection between the crime and the confrontation in order to preclude a finding of self-defense. *Id*. at 479-80. Ind. Code § 35-41-3-2 provides "a person is not justified in using force if . . . the person is committing or is escaping after the commission of a crime." We noted in *Harvey v. State*, 652 N.E.2d 876, 877 (Ind. Ct. App. 1995), *reh'g denied, trans. denied*, that if the statutory self-defense limitation were to be taken

literally, then no person could claim self-defense if that person, at the time he acted, was coincidentally committing some criminal offense: "For example, possession of a marijuana cigarette or the failure to have filed one's income tax returns could deny one the defense no matter how egregious, or unrelated, the circumstances that prompted the action." *Id*. We determined the legislative intent was to preclude the defense where it is sought by one who was actively engaged in the perpetration of a crime, and that criminal activity produced the confrontation wherein the force was employed. *Id*.

[9] *Henderson* is distinguishable, as the instruction to Wilson's jury explicitly informed the jury a causal connection between the crime and the confrontation was necessary in order to preclude a finding of self-defense. Wilsons's jury was instructed that a person may use reasonable force to defend himself unless he is "committing a crime *that is directly and immediately connected to the battery*," or is "escaping after the commission of a crime *that is directly and immediately connected to the battery*." (App. at 73) (emphasis added). As Wilson's jury was told there must be a causal connection, we cannot find the instruction was an abuse of discretion on that ground.

[10] Wilson also argues the instruction was error because there was no evidence in the record he was committing another crime or escaping after the commission of a crime. There was evidence of both. Wilson committed battery when he placed Berg in a chokehold, then he committed a second battery when he tried to flee the lobby and kicked Garrison. The batteries were charged separately and the jury could properly infer Wilson shoved and kicked Garrison when he

was trying to escape after attacking Berg. The defense of self-defense is unavailable if there is evidence that "but for the defendant committing a crime, the confrontation resulting in injury to the victim would not have occurred." *Mayes v. State*, 744 N.E.2d 390, 394 (Ind. 2001). There was evidence that but for the battery of Berg, the confrontation resulting in injury to Garrison would not have occurred. The instruction was not error.

## Conclusion

[11]   As the instruction Wilson challenges was neither inaccurate nor incomplete, and there was evidence to permit giving it, we affirm Wilson's convictions.

[12]   Affirmed.

Najam, J., and Riley, J., concur.