**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 24 2013, 6:23 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DONTE CARTER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1301-CR-10 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Lisa F. Borges, Judge
The Honorable Stanley Kroh, Master Commissioner
Cause No. 49G04-1208-CM-59931

**July 24, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Senior Judge**

## STATEMENT OF THE CASE

Donte Carter appeals his conviction of battery on a law enforcement officer, a Class A misdemeanor. Ind. Code § 35-42-2-1 (2012). We affirm.

## ISSUE

Carter raises one issue, which we restate as: whether the State provided sufficient evidence to negate Carter's claim of self-defense.

## FACTS AND PROCEDURAL HISTORY

On August 28, 2012, Carter was incarcerated in the Marion County Jail. Deputy Shawn Middleton of the Marion County Sheriff's Department was told to move Carter to another section of the jail.

Middleton approached Carter with three other deputies. Middleton told Carter to gather his personal items, but he refused. Next, as Middleton turned his head, Carter punched him in the face. Several other deputies grabbed Carter and put him on the ground. Carter continued to struggle, so Middleton tased him. The deputies were then able to put Carter in handcuffs.

The State charged Carter with battery on a law enforcement officer. After a bench trial, wherein several deputies testified that Carter, unprovoked, punched Middleton in the face, the court determined he was guilty as charged. The court declined to enter a sentence because Carter was already serving a lengthy sentence in the custody of the Indiana Department of Correction. This appeal followed.

## DISCUSSION AND DECISION

Carter does not dispute that the State proved all of the elements of the offense of battery upon a law enforcement officer. Instead, he argues that he acted in self-defense.

A valid claim of defense of oneself or another person is legal justification for an otherwise criminal act. Ind. Code § 35-41-3-2 (2012). When a claim of self-defense is raised and finds support in the evidence, the State has the burden of negating at least one of the necessary elements beyond a reasonable doubt. *Wilson v. State*, 770 N.E.2d 799, 800 (Ind. 2002). The standard of review for a challenge to the sufficiency of the evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim. *Id.* at 801. We do not reweigh the evidence or judge the credibility of the witnesses. *Joslyn v. State*, 942 N.E.2d 809, 811 (Ind. 2011). We consider only the probative evidence and reasonable inferences drawn from the evidence that support the judgment. *Id.* If a defendant is convicted despite a claim of self-defense, we reverse only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt. *Wilson*, 770 N.E.2d at 800-01.

To prevail on a claim of self-defense, the defendant must present evidence that he: (1) was in a place he had a right to be, (2) did not provoke, instigate, or participate willingly in the violence, and (3) had a reasonable fear of death or great bodily harm. *Tharpe v. State*, 955 N.E.2d 836, 844 (Ind. Ct. App. 2011), *trans. denied*.

In this case, the evidence most favorable to the judgment establishes that Carter hit Middleton in response to Middleton's instruction to get his personal items. Thus, he

3

provoked, instigated, or participated willingly in the violence. Carter's assertion that the deputies attacked him first is a request to reweigh the evidence, which we cannot do. Consequently, the State presented sufficient evidence to negate Carter's claim of self-defense. *See id.* at 845 (the State rebutted Tharpe's claim of self-defense because the evidence most favorable to the judgment established that Tharpe shot first at the police officer).

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

BAKER, J., and MAY, J., concur.

4