**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 17 2013, 5:51 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**GARY L. GRINER**
Griner & Company
Mishawaka, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| NORMAN T. PODELL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1302-CR-64 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Roland W. Chamblee, Jr., Judge
Cause No. 71D08-1206-FD-509

**October 17, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SULLIVAN, Senior Judge**

Norman T. Podell appeals his two convictions of pointing a firearm, both as Class D felonies. Ind. Code § 35-47-4-3 (1995). We affirm.

Podell lived on a residential street in South Bend. On the evening of June 2, 2012, several of his neighbors saw him walking up and down the street in front of his house, shouting incoherently. Randall Owens arrived at the scene on a bicycle. Podell appeared from behind a tree, approached Owens, and pointed a handgun at him. Owens pleaded with Podell not to shoot him and ran to his house. Later, Savon Peak was standing on his front porch with his brother and a friend and saw Podell. Peak walked toward Podell and asked if he was okay. Podell shouted at him, pulled out a handgun, and pointed it in Peak's direction. Peak ran back to his house. Podell then returned to his house. Several neighbors called the police, who arrived and took Podell into custody. They found a loaded handgun tucked into his pants.

The State charged Podell with two counts of pointing a firearm. A jury found him guilty as charged, and the trial court sentenced him accordingly. This appeal followed.

Podell raises one issue, which we restate as: whether there is sufficient evidence to rebut Podell's claim of self-defense. A valid claim of defense of oneself or another person is legal justification for an otherwise criminal act. Ind. Code § 35-41-3-2 (2012).

The standard of review for a challenge to the sufficiency of the evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim. Wilson v. State, 770 N.E.2d 799, 801 (Ind. 2002). We do not reweigh the evidence or judge the credibility of the witnesses. Joslyn v. State, 942 N.E.2d 809, 811 (Ind. 2011). We consider only the probative evidence and reasonable inferences drawn

2

from the evidence that support the verdict.  Id.  If a defendant is convicted despite a claim of self-defense, we reverse only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt.  Wilson, 770 N.E.2d at 800-01.

When a claim of self-defense is raised and finds support in the evidence, the State has the burden of negating at least one of the necessary elements beyond a reasonable doubt.  Id. at 800.  To prevail on a claim of self-defense, the defendant must present evidence that he:  (1) was in a place he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm.  Tharpe v. State, 955 N.E.2d 836, 844 (Ind. Ct. App. 2011), trans. denied.

Podell argues that he pointed his handgun at Owens and Peak because he was afraid they would attack him.  Podell's argument is not persuasive.  The evidence most favorable to the jury's verdict establishes that Podell approached Owens and drew a handgun.  Similarly, Podell pointed a gun at Peak when Peak approached to ask him if he was okay.  Thus, the State presented sufficient evidence to disprove beyond a reasonable doubt Podell's claim of self-defense as to both charges because the jury was entitled to conclude that Podell instigated the confrontations.

Podell points to evidence that Owens cursed at him and that Peak was arguing with him rather than inquiring as to his welfare.  Podell's arguments amount to a request to reweigh the evidence, which is barred by our standard of review.

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

ROBB, C.J., and KIRSCH, J., concur.