## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 06 2015, 8:40 am

*Kevin S. Smith*

CLERK

of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jeffery W. Moore,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

April 6, 2015

Court of Appeals Case No. 60A05-1407-CR-349

Appeal from the Owen Circuit Court; The Honorable Lori Thatcher Quillen, Judge
60C01-1208-FA-520

**May, Judge.**

Jeffery Moore appeals his twenty-year sentence for Class B felony sexual misconduct with a minor.[1] Moore asserts the court abused its discretion when it imposed that sentence.

We affirm.

## Facts and Procedural History

In 2001 and 2002, Moore, who was in his mid-thirties, repeatedly engaged in sexual activity with T.B., who was the daughter of the woman Moore was dating. Moore began having sexual intercourse with T.B. when she was eleven, and he would obtain access to T.B. by sending her mother to the store so that he and T.B. were alone. T.B. became pregnant before her fourteenth birthday and had the baby "three months before [she] turned fifteen." (Tr. at 32.) Police learned T.B. had become pregnant by Moore, but they could not locate him.

In 2012, police found Moore, and his DNA indicated the probability that he was the father of T.B.'s child was "99.9999%." (App. at 30.) On August 29, 2012, the State charged Moore with one count of Class A felony sexual misconduct with a minor[2] for sexual intercourse with T.B. when she was thirteen years old and one count of Class B felony sexual misconduct with a minor for sexual intercourse with T.B. when she was fourteen years old.

---

[1] Ind. Code § 35-42-4-9(a)(1) (1998).

[2] Ind. Code § 35-42-4-3(a)(1) (1998).

Moore reached a plea agreement with the State pursuant to which Moore would plead guilty to the Class B felony, the State would dismiss the Class A felony, and sentencing would be left to the discretion of the trial court. Following a sentencing hearing, the court found aggravators in Moore's criminal history, his position of trust with T.B., and his commission of multiple acts of misconduct with her and found mitigators in Moore's plea of guilty and his willingness to provide medical history for the benefit of the child. It imposed a twenty-year sentence, with two years suspended.

## Discussion and Decision

Sentencing is principally a discretionary function, and the trial court's judgment should receive considerable deference. *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). Thus, we reverse only for an abuse of discretion, which occurs when a decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn from those facts and circumstances. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g by Anglemyer v. State*, 875 N.E.2d 218 (Ind. 2007). We may find an abuse of discretion if the trial court does not provide a sentencing statement, if the sentencing statement is not supported by the record, if the sentencing statement omits reasons clearly supported by the record and advanced by the defendant, or if the trial court's reasons for sentencing are improper as a matter of law. *Id*. at 490-91. In a felony case such as this, a trial court must give a "reasonably detailed recitation" of the reasons for the sentence imposed. *Id*. at 490. As we review

the court's decision, we may consider both the written and oral sentencing statements. *Corbett v. State*, 764 N.E.2d 622, 631 (Ind. 2002) ("we are not limited to the written sentencing statement but may consider the trial court's comments in the transcript of the sentencing proceedings").

[7] Moore's arguments all arise from the court's statement at the sentencing hearing:

> Mr. Moore . . . you were an adult male and you took a position of trust and you took that child, and it wasn't one time of stupidity, it was over and over again, to the point that a child resulted in that. So, you screwed up two lives essentially at that moment. And, you also destroyed a relationship between a child and her parent. And, you took the stand and you told me how important your children were to you and so you have to know that by the choices that you made on that day, even though it was several years ago, it was one that [was] designed for evil. And, you were wise enough then and wise enough now to know that what you were doing was wrong. And, so I have some real concerns when you say I didn't know about the baby. The fact of the matter the baby resulted doesn't mean you didn't know what you did on a regular basis that put her in the position where she was placed in foster care. If you were so big on I'm going to take responsibility, the reality is that had the baby not been produced, you probably couldn't have been found guilty because there wouldn't have been enough evidence on a twelve-year-old little girl ten years later and it would have been you saying it didn't happen and her saying that it did. . . . The fact is the evidence was overwhelming. After that it was just doing math and it was pretty easy to determine that [sic] what you did [and] when you did it. So, you got a pretty decent deal when I look at the charge because if I get rid of the A Felony, which by the plea agreement I have to do, the minimum you would have got [sic] under that sentence would have been twenty years. So, I'm glad that you did show up today, but the reality had you not showed [sic] up today then the plea never would have been accepted and you'd be still looking at potentially doing fifty years for what happened back then. Now, would you be deserving of fifty years, I don't know. Because I

do think there's [sic] some special circumstances that [defense counsel] has brought out. But, on the same hand I think the minimum in that case of twenty years is appropriate [in] this case because you did violate a position of trust, you did have a prior criminal history, it wasn't one incident, it was multiple and several incidents. I do find that you pled guilty and I'm glad that you were a trustee 'cause it tells me it's somebody that the department can work with. But, because you were a trustee you got benefits and, more importantly, you got entitled to your good time credit because you did what you were supposed to do. And, since you get good time credit, that's what you deserve and I'm glad they did give that to you. But, I don't think that's something that screams volumes that says that you deserve to have no further punishment for this because you do. You destroyed that woman's life and she just had the strength and integrity to go forward with it and be a survivor instead of a victim for the rest of her life. But, it's time for you to have to suffer the consequences of it and I think you do deserve punishment for the same. So, here's what your sentence is going to be. . . . I am going to sentence you to twenty years. I think that's the minimum amount that was on the one sentence that's appropriate. I agree with [State's counsel]. That's the notes that I made throughout the whole process. I think suspending two years is appropriate in this particular case. I will show that you have credit for 606 days. With good time credit you have 1,216 days toward your sentence. I will sentence you to the Department of Correction, therefore, for eighteen years, give you credit for the time that we just discussed. I'm going to order there be a no-contact order with the victim in this case. The reason why I did suspend the two years is that I don't think you're the worst of the worst and you voluntarily have agreed to provide the medical is- -- history for the benefit of the child herein . . . . I do find, though, that the aggravators outweigh the mitigators. I find that you got a significant break by having the Count I – child molesting charge dismissed and I will follow through with that and dismiss that charge. I will show at this point in time you're remanded to the Department of Corrections [sic] to start serving your sentence.

(Tr. at 64-67.)

[8]     Moore asserts "the trial court did not identify any factor as an 'aggravator' or any as a 'mitigator.'" (Appellant's Br. at 7.) It is true the court does not explicitly label any factor as an aggravator or mitigator in that statement, but the trial court's written sentencing order explicitly lists three aggravators -- Moore's criminal history, his position of trust with T.B., and his commission of multiple acts of misconduct with T.B. -- and two mitigators -- Moore's plea of guilty and his willingness to provide medical history for the benefit of the child. (*See* App. at 7.) Thus, the court adequately identified aggravators and mitigators. *See Corbett*, 764 N.E.2d at 631 (we may consider both the written order and the statement at sentencing).

[9]     Moore also argues the court should have found as a mitigator that he was "a model inmate during nearly two years of incarceration" before sentencing. (Appellant's Br. at 9.)[3] A court "need not regard . . . a possible mitigating circumstance the same as urged by the defendant." *Corbett*, 764 N.E.2d at 630. The court abuses its discretion only when it does not "find mitigating circumstances clearly supported by the record and advanced for consideration." *Cardwell*, 895 N.E.2d at 1225. As Moore notes, the court explicitly declined to find a mitigator in Moore's status as a trustee at the county jail because he "got benefits and, more importantly, [he] got entitled to [his] good time credit." (Tr. at 65.) As the court's discussion indicated it considered this proposed mitigator,

---

[3] Moore also claims the court should have found a mitigator in his guilty plea because his "plea was not simply a pragmatic calculation." (Appellant's Br. at 9.) As the trial court listed Moore's plea as a mitigator, (*see* App. at 7), we need not address this argument.

we cannot find the court overlooked it. *See Corbett*, 764 N.E.2d at 631 (declining to hold trial court overlooked mitigators where trial court discussed each proposed mitigator during sentencing).

[10] Moore next asserts the court focused too heavily on the harm to the victim but "did not focus on matters as aggravating circumstances," (Appellant's Br. at 11), which suggests the court was imposing "vindictive justice." (*Id*.) To the extent Moore's argument suggests the court did not find aggravating factors, the record does not support that argument. (*See* App. at 7.) Furthermore, our Legislature has permitted a trial court to consider the "harm, injury, loss, or damage suffered by the victim of an offense" when that harm was significant and greater than necessary to prove the offense. Ind. Code § 35-38-1-7.1(a)(1). As the trial court noted, the harm to T.B. was greater than that required to prove Class B felony sexual misconduct because T.B. was only thirteen years old when she was impregnated by Moore. *Compare* Ind. Code § 35-42-4-3(a)(1) (defining Class A felony as act involving child "under fourteen") *with* Ind. Code § 35-42-4-9(a)(1) (defining Class B felony as act involving child "at least fourteen"). There was no abuse of discretion in the court's discussion of the harm to T.B.[4] *See Anglemyer*, 868 N.E.2d at 492 ("Concerning the seriousness

---

[4] Moore also asserts error based on "what appears to have been the weight the trial court gave to the offense Moore committed." (Appellant's Br. at 12.) As we are no longer permitted to review the weight a court assigns to aggravating and mitigating factors, this assertion raises no error to review. *See Anglemyer*, 868 N.E.2d at 491 ("Because the trial court no longer has any obligation to 'weigh' aggravating and mitigating factors against each other when imposing a sentence, unlike the pre-Blakely statutory regime, a trial court can not now be said to have abused its discretion in failing to 'properly weigh' such factors.").

of the offense, this aggravator, which implicitly includes the nature and circumstances of the crime as well as the manner in which the crime is committed, has long been held a valid aggravating factor.").

Finally, Moore asserts the court abused its discretion by discussing the sentencing range for the Class A felony charge that was dismissed without mentioning the sentencing range for the Class B felony sentence that was being imposed. Moore has not demonstrated an abuse of discretion. The controlling statute permitted a twenty-year sentence for a Class B felony, *see* Ind. Code § 35-50-2-5 (setting sentencing range at six to twenty years), and "we presume the trial court knows and follows the applicable law." *Tharpe v. State*, 955 N.E.2d 836, 842 (Ind. Ct. App. 2011), *trans. denied*. Moore has not overcome that presumption.

## Conclusion

Finding no abuse of discretion in the imposition of a twenty-year sentence for Class B felony sexual misconduct with a minor, we affirm.

Affirmed.

Barnes, J., and Pyle, J., concur.