## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 07 2015, 9:43 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

E.C. Brown,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

August 7, 2015

Court of Appeals Case No.
49A04-1501-CR-7

Appeal from the Marion Superior Court

The Honorable William Nelson, Judge
The Honorable David Hooper, Judge Pro-Tem

Cause No. 49F18-1402-FD-5896

**Bailey, Judge.**

# Case Summary

E.C. Brown ("Brown") appeals his convictions for Pointing a Firearm, as a Class A misdemeanor,[1] and Battery, as a Class B misdemeanor.[2] He alleges that there is insufficient evidence to support either conviction. We affirm.

# Facts and Procedural History

During the evening of February 5, 2014, Brown and his grand-daughter, Lasey Brizendine ("Brizendine"), began to argue about Brizendine's dog. Brown, who had been yelling and cursing, "ran at" Brizendine, hitting her in her face. (Tr. at 42.) Brizendine pushed Brown, who stumbled back into a chair. The two briefly "tussled" until Brizendine's friend, Kearra Coles ("Coles"), intervened. (Tr. at 43.)

Brizendine and Coles decided to leave Brown's residence and they went into Brizendine's room to gather their belongings. Brown entered the room holding a shotgun. Brown attempted to cock the rifle, but the safety mechanism was engaged. Brizendine and Coles left and summoned police assistance.

Brown was charged with pointing a firearm at Brizendine and battering her, as a Class D felony and a Class A misdemeanor, respectively. On October 16, 2014, Brown was tried in a bench trial and convicted of lesser-included

---

[1] Ind. Code § 35-47-4-3.

[2] I.C. § 35-42-2-1(a)(1)(A).

misdemeanors. He received an aggregate sentence of 365 days, with credit for eight days incarceration, and the balance suspended. Brown was placed on non-reporting probation. This appeal ensued.

# Discussion and Decision

[5] Brown claims that the State failed to present sufficient evidence to support his convictions. When reviewing the sufficiency of the evidence to support a conviction, we will consider only the probative evidence and reasonable inferences supporting the conviction. *Lock v. State*, 971 N.E.2d 71, 74 (Ind. 2012). We will neither assess witness credibility nor reweigh the evidence. *Id.* We will affirm a conviction unless no reasonable fact-finder could have found the elements of the crime proven beyond a reasonable doubt. *Id.*

[6] A person commits Battery, as a Class B misdemeanor, when he knowingly or intentionally touches another person in a rude, insolent, or angry manner. I.C. § 35-42-2-1(b). Brizendine testified that Brown, who was "really mad, like yelling and cussing," ran toward her and hit her in the face. (Tr. at 42.) Brown testified that he hit Brizendine on her shoulder. This is sufficient evidence from which the fact-finder could conclude that Brown knowingly or intentionally touched Brizendine in a rude, insolent, or angry manner.

[7] Brown now suggests that he did not commit a battery because he and his grand-daughter were engaged in "mutual combat." (Appellant's Br. at 11.) This is a concept potentially relevant when the defense of self-defense has been raised.

*See Tharpe v. State*, 955 N.E.2d 836, 844 (Ind. 2011) (recognizing that an initial aggressor or a mutual combatant must withdraw from the encounter and communicate the intent to do so "before he may claim self-defense"). Brown, whose own testimony indicates that he was the aggressor, did not attempt to raise the defense of self-defense. A reasonable fact-finder could have found the elements of Battery proven beyond a reasonable doubt.

[8] A person who knowingly or intentionally points a firearm at another person commits Pointing a Firearm, as a Class A misdemeanor. I.C. § 35-47-4-3(b). Coles testified that Brown held his shotgun "down" and "pointed right in-between the both of us." (Tr. at 59.)

[9] Brown claims that, because none of the witnesses testified that Brown had pointed his shotgun "at the women," his conviction is not supported by sufficient evidence. (Appellant's Br. at 12.) Essentially, his claim is that his conduct of pointing a shotgun down and between the women is not "pointing at" within the meaning of the statute he was charged with violating. He thus presents an issue of statutory interpretation, whether the statute at issue criminalizes pointing a firearm in the general direction of another person.

[10] "Penal statutes are to be strictly construed against the State and should be held to prohibit only that conduct which is clearly within the spirit and letter of the statutory language." *Starr v. State*, 928 N.E.2d 876, 878 (Ind. Ct. App. 2010). However, criminal statutes are not to be narrowed such that they exclude cases which the language fairly covers. *Id.* Penal statutes should be interpreted so as

to give efficient operation to the expressed intent of the legislature. *Id.* The best evidence of legislative intent is the language of the statute, giving all words their plan and ordinary meaning unless otherwise indicated by statute. *Id.*

This Court has previously recognized that a firearm is a lethal weapon and the potential for harm exists any time a firearm is pointed at a person. *Armstrong v. State*, 742 N.E.2d 972, 976 (Ind. Ct. App. 2001). Our Legislature – without further embellishment – criminalized pointing a firearm at another person. Brown seeks to impose a requirement that the pointing be equivalent to taking direct aim at a person. We do not agree with this extremely narrow construction. Rather, the potential for harm sought to be addressed by our Legislature existed when Brown pointed his firearm in the general direction of and in close proximity to his grand-daughter and her friend. We conclude that the statute under which Brown was convicted fairly covers the act of pointing a firearm in-between persons.

# Conclusion

Brown's convictions for Battery and Pointing a Firearm are supported by sufficient evidence of probative value.

Affirmed.

Baker, J., and Mathias, J., concur.