# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 12 2019, 10:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael C. Borschel
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Onorio Caballero-Ramirez, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | March 12, 2019 <br><br> Court of Appeals Case No. 18A-CR-2358 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Mark D. Stoner, Judge <br><br> Trial Court Cause No. 49G06-1605-F5-19111 |

**Altice, Judge.**

## Case Summary

[1] Onorio Caballero-Ramirez appeals his conviction, following a bench trial, of Level 6 felony battery. His sole contention on appeal is the that the State failed to present sufficient evidence to rebut his claim of self-defense.

[2] We affirm.

## Facts & Procedural History

[3] The facts favorable to the conviction follow. On the evening of April 2, 2016, Caballero-Ramirez went to the apartment of his former girlfriend, M.G., and their seven-year-old son, B.G. They had previously lived together as a family for several years. Although Caballero-Ramirez no longer lived there, he would visit from time to time. M.G. also had a five-year-old son, J.G., living with her and B.G.

[4] Caballero-Ramirez was at the apartment when M.G. arrived home from work. He appeared upset with her and indicated that he wanted to go out to eat. She declined, and Caballero-Ramirez accused her of "going out with somebody else." *Transcript* at 10. After the two began to argue, Caballero-Ramirez hit M.G.'s arm and squeezed it. M.G. responded by pushing Caballero-Ramirez away. She then fell to the floor. M.G. had a pre-existing back injury from work and warned Caballero-Ramirez not to hurt her because she "could end up handicapped." *Id*. at 12. Caballero-Ramirez said he did not care what happened to M.G. and proceeded to angrily place his hands around the front of her throat. Caballero-Ramirez was on top of M.G., with his body weight on her. She pleaded with him to release her.

[5] During the altercation, B.G. came out of his bedroom to see what the yelling was about. Caballero-Ramirez was still on M.G., and B.G. asked his mother if he should go to the neighbor. When M.G. indicated yes, B.G. ran to the neighbor's door and knocked for help. B.G. was nervous and scared, and J.G. was next to him crying. When Carol Menjivar answered the door, B.G. exclaimed, "call the police because my father is hitting my mother." *Id*. at 46. Menjivar brought the children inside her apartment.

[6] In the meantime, Caballero-Ramirez got up off M.G., shoving her once more, and then left. M.G. eventually called Menjivar, who came to M.G.'s apartment to help. M.G. was crying on the couch. Menjivar assisted M.G. and suggested they call the police, but M.G. refused because she was scared. M.G. made a police report on the morning of April 4, after her employer would not let her work due to her appearance. M.G. had significant bruising to her face/chin and right arm, as well as other scratches and contusions on her face and body. She was treated at the hospital for these injuries after speaking with the police.

[7] Caballero-Ramirez was subsequently charged with a number of counts related to this event, some of which were later dismissed. On August 20, 2018, a bench trial was held on the three remaining counts – Level 5 felony strangulation (Count III), Level 6 felony battery in the presence of a child (Count V), and Class A misdemeanor battery resulting in bodily injury (Count VI). M.G. and Menjivar testified for the State, and Caballero-Ramirez testified in his own defense. The trial court found Caballero-Ramirez guilty of Counts V and VI but not guilty of Count III. At the sentencing hearing on September 4, 2018,

the trial court entered a conviction and sentence only on Count V, the Level 6 felony. The court sentenced Caballero-Ramirez to two and one-half years with all but his time served suspended to probation. Caballero-Ramirez now appeals, arguing that the State failed to rebut his claim of self-defense.

### Discussion & Decision

[8] The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency claim. *Wilson v. State*, 770 N.E.2d 799, 801 (Ind. 2002). We consider only the probative evidence and reasonable inferences supporting the trial court's decision. *Tharpe v. State*, 955 N.E.2d 836, 844 (Ind. Ct. App. 2011), *trans. denied*. We neither reweigh the evidence nor judge the credibility of witnesses. *Wilson*, 770 N.E.2d at 801. The trier of fact is entitled to determine which version of the incident to credit and is the sole judge of the effect that any discrepancies or contradictions might have on the outcome of the case. *Scott v. State*, 867 N.E.2d 690, 695 (Ind. Ct. App. 2007), *trans. denied*. If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the verdict will not be disturbed. *Wilson*, 770 N.E.2d at 801.

[9] Self-defense is a legal justification for an otherwise criminal act. *Bryant v. State*, 984 N.E.2d 240, 250 (Ind. Ct. App. 2013), *trans. denied*. "A person is justified in using reasonable force against any other person to protect the person … from what the person reasonably believes to be the imminent use of unlawful force." Ind. Code § 35-41-3-2(c). The person, however, is not justified in using force if,

among other things, "the person has entered into combat with another person or is the initial aggressor unless the person withdraws from the encounter and communicates to the other person the intent to do so and the other person nevertheless continues or threatens to continue unlawful action." I.C. § 35-41-3-2(g)(3).

[10] To prevail on his self-defense claim, Caballero-Ramirez was required to show that he: "(1) was in a place where he had a right to be; (2) acted without fault; and (3) was in reasonable fear of apprehension of bodily harm." *Richardson v. State*, 79 N.E.3d 958, 964 (Ind. Ct. App. 2017), *trans. denied*. When a claim of self-defense finds support in the evidence, the State bears the burden of negating at least one of the necessary elements. *Id*. If a defendant is convicted despite his claim of self-defense, we will reverse only if no reasonable person could say that self-defense was negated beyond a reasonable doubt. *Id.*

[11] On appeal, Caballero-Ramirez directs us to his own testimony, which stood in stark contrast to M.G.'s testimony. He testified that M.G. kicked him out of the apartment that night. As he gathered his things, according to Caballero-Ramirez, M.G. blocked his exit, demanded money, and attacked him, scratching and biting him. Caballero-Ramirez claimed that he grabbed her hands only to stop her from injuring him further.

[12] We reject this blatant invitation to reweigh the evidence. M.G.'s testimony establishes that Caballero-Ramirez instigated the physical confrontation when she denied his request to have dinner with him. After Caballero-Ramirez hit

and squeezed her arm, M.G. pushed him away and then she fell to the ground. Caballero-Ramirez then escalated the violence and climbed on top of her to continue the assault. Regardless of whether M.G. fought back, the evidence establishes that Caballero-Ramirez was the instigator of the violence, as well as a willing participant. Further, M.G.'s account of the attack is supported, at least in part, by the photographs of her various injuries, B.G.'s actions, and Menjivar's testimony.

[13] In light of the evidence favorable to the conviction, a "reasonable person could say that self-defense was negated beyond a reasonable doubt." *Richardson*, 79 N.E.3d 964. Accordingly, we must affirm Caballero-Ramirez's battery conviction.

[14] Judgment affirmed.

Najam, J. and Pyle, J., concur.