## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 23 2019, 9:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Rory Gallagher
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Richard Darnell Leslie,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

July 23, 2019

Court of Appeals Case No.
19A-CR-116

Appeal from the Marion Superior Court

The Honorable Kurt Eisgruber, Judge

The Honorable Steven Rubick, Magistrate

Trial Court Cause No.
49G01-1802-F5-5969

**Altice, Judge.**

## Case Summary

[1] Richard Leslie appeals his conviction for Level 5 felony battery by means of a deadly weapon. He claims that the State failed to sufficiently rebut his claim of self-defense.

[2] We affirm.

## Facts & Procedural History

[3] Late in the evening on February 17, 2018, Sharon Leslie (Sharon) came home from work and sat in the living room to relax. Leslie, Sharon's husband of ten years, was intoxicated and also in the living room. He began a discussion that Sharon did not like, so she stood up and walked into the kitchen. Leslie responded by telling Sharon that when he speaks to her, she needs to look at him. Sharon returned and sat on the couch with Leslie.

[4] As she sat on the couch, Sharon prepared to smoke marijuana. Leslie became upset and said he was going to call the police. He then hit the panic button on his key fob to alert the alarm company to call the police, but each time, Sharon hit the same button on her key fob to turn off the alarm. This happened a few times. Leslie then stood up and his phone fell to the ground. He reached to take the unlit marijuana blunt out of Sharon's hand, and she resisted. They started to "scuffle." *Transcript* at 10. The two wrestled over the blunt and eventually ended up on the floor in the kitchen, where Sharon got the upper hand. Leslie told Sharon that his chest hurt, he was tired, and he could not breathe, so she stopped fighting with him and the two got up off the floor. Leslie went into the living room, and Sharon stayed in the kitchen.

[5]     After about five minutes, Sharon started to make her way back to the couch because she believed the argument was over. In the meantime, however, Leslie had obtained a handgun, which he pointed at her as he cursed and called her names. While pointing the gun, Leslie "clicked the lever…back and the bullets was [sic] just popping out" onto the floor. *Id*. at 11-12. Sharon turned her back and retrieved her phone from the laundry room, where Leslie had previously thrown it while they argued. She dialed 911 with the phone on speakerphone. When the 911 operator answered, Leslie struck Sharon in the back of the head with the gun. Sharon then fought with Leslie over the gun and tried to hold the "nozzle part of the gun" down to protect herself from being shot. *Id*. at 14. Leslie continued to hold the handle of the gun. During the struggle, Leslie hit Sharon on the forehead with the gun, and Sharon struck him with her hands.

[6]     Indianapolis Metropolitan Police Department officers entered the home through an open garage door. They had guns drawn, as dispatch had warned that there was a gun involved in the dispute. The officers announced their presence, and Sharon yelled, "He's in here." *Id*. at 29. When Officer Larry Lannigan, one of the responding officers, came through the kitchen, he saw Sharon holding Leslie against the bathroom wall. Leslie was holding the gun in his right hand, and Sharon had her left hand on the barrel of the gun. The officers yelled, "Drop the gun." *Id*. at 30. Leslie released the handle of the gun and then Sharon dropped it on the ground away from Leslie.

[7]     The officers placed Leslie under arrest. Leslie was intoxicated at the time of his arrest, and he told Officer David Hutson, after being Mirandized, that "he had

been drinking and that he was having trouble remembering what had happened." *Id*. at 35. Leslie had a few scratches on his face, while Sharon had "a really large knot on the right side of her forehead", lacerations on her right wrist, and a knot on the back of her head. *Id*. at 31.

[8] The State charged Leslie with Level 5 felony battery by means of a deadly weapon (Count I), Level 6 felony domestic battery resulting in moderate bodily injury (Count II), Level 6 felony battery resulting in moderate bodily injury (Count III), and Level 6 felony pointing a firearm (Count IV). At the bench trial on November 28, 2018, Sharon and the two responding officers testified. Leslie did not testify but his counsel asserted a claim of self-defense. The trial court expressly rejected the self-defense claim and found Leslie guilty of Counts I and IV and noted that Counts II and III merged into Count I. At the sentencing hearing on December 18, 2018, the trial court merged Count IV into Count I as well. Thus, the court entered judgment of conviction only on Count I. The trial court sentenced Leslie to two years, all suspended except for time served, and one year of probation. Leslie now appeals.

## Discussion & Decision

[9] The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency claim. *Wilson v. State*, 770 N.E.2d 799, 801 (Ind. 2002). We consider only the probative evidence and reasonable inferences supporting the trial court's decision. *Tharpe v. State*, 955 N.E.2d 836, 844 (Ind. Ct. App. 2011), *trans.*

*denied*. We neither reweigh the evidence nor judge the credibility of witnesses. *Wilson*, 770 N.E.2d at 801. The trier of fact is entitled to determine which version of the incident to credit and is the sole judge of the effect that any discrepancies or contradictions might have on the outcome of the case. *Scott v. State*, 867 N.E.2d 690, 695 (Ind. Ct. App. 2007), *trans. denied*.

[10] Self-defense is a legal justification for an otherwise criminal act. *Bryant v. State*, 984 N.E.2d 240, 250 (Ind. Ct. App. 2013), *trans. denied*. "A person is justified in using reasonable force against any other person to protect the person … from what the person reasonably believes to be the imminent use of unlawful force." Ind. Code § 35-41-3-2(c). The person, however, is not justified in using force if, among other things, "the person has entered into combat with another person or is the initial aggressor unless the person withdraws from the encounter and communicates to the other person the intent to do so and the other person nevertheless continues or threatens to continue unlawful action." I.C. § 35-41-3-2(g)(3).

[11] To prevail on his self-defense claim, Leslie was required to show that he: "(1) was in a place where he had a right to be; (2) acted without fault; and (3) was in reasonable fear o[r] apprehension of bodily harm." *Richardson v. State*, 79 N.E.3d 958, 964 (Ind. Ct. App. 2017), *trans. denied*. When a claim of self-defense finds support in the evidence, the State bears the burden of negating at least one of the necessary elements. *Id*. If a defendant is convicted despite his claim of self-defense, we will reverse only if no reasonable person could say that self-defense was negated beyond a reasonable doubt. *Id.*

[12] There is no question that Leslie was in a place where he had a right to be – his own home, but the evidence favorable to the conviction establishes that he did not act without fault. Rather, Leslie used physical force to attempt to remove the marijuana blunt from Sharon's hand. He then engaged in mutual combat – a wrestling match – with her that moved from the living room to the kitchen where Sharon managed to pin him to the ground. *See id.* ("A person who provokes, instigates, or participates willingly in the violence does not act without fault for the purposes of self-defense."). The scuffle then ended with Sharon staying in the kitchen and Leslie going into the living room. Sharon thought the fight was over, but about five minutes later, Leslie came toward her with a gun. Sharon retrieved her phone and called 911. When the 911 operator came on the line, Leslie struck Sharon in the back of the head with the gun and another struggle – this time over the gun – ensued until the police arrived.

[13] The above evidence clearly negates any claim that Leslie acted without fault. Moreover, a reasonable trier of fact could determine that at the time Leslie struck Sharon with the gun, while she was on the phone with the 911 operator, he was not in reasonable fear of bodily harm.[1] Leslie's arguments to the contrary amount to improper requests for us to reweigh the evidence.

---

[1] Leslie also asserts, for the first time on appeal, that he was justified in using reasonable force to effect a citizen's arrest for Level 5 felony criminal confinement and detain Sharon until the police arrived. Waiver aside, we observe that Sharon was calling 911 at the time Leslie struck her with the gun and he was the only one armed with a gun. On these facts, we find unavailing Leslie's belated claim that the force he used was reasonably necessary to accomplish a citizen's arrest of his wife.

[14] Judgment affirmed.

Brown, J. and Tavitas, J., concur.