# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 12 2018, 9:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jazzmen Bails, <br> *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Respondent.* | December 12, 2018 <br><br> Court of Appeals Case No. <br> 18A-CR-761 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Clayton A. Graham, Judge <br><br> The Honorable Steven J. Rubick, Magistrate <br><br> Trial Court Cause No. <br> 49G07-1706-CM-23153 |

**Bradford, Judge.**

# Case Summary

[1] On June 18, 2017, Jazzmen Bails went to the home of Denise Fugett and punched her in the eye, knocking her unconscious, after Bails said she received calls from Fugett and Fugett's daughters threatening her life and the lives of her children. As a result of the altercation, Bails was charged with Class A misdemeanor battery resulting in bodily injury. The trial court found Bails guilty as charged. Bails contends that the State failed to produce sufficient evidence to rebut her self-defense claim. Because we disagree, we affirm.[1]

# Facts and Procedural History

[2] On the evening of June 18, 2017, Bails left her residence and traveled to Fugett's residence after receiving voicemails and calls from Fugett and Fugett's daughters threatening her life and the lives of her children, after Bails posted information relating to Fugett's husband's criminal history on Facebook. Bails texted Fugett that she was coming to Fugett's residence to "beat [Fugett's a**] and [her] daughter's a[**]." Tr. Vol. II p. 27.

[3] Upon arriving at Fugett's residence, Bails began yelling at Fugett and her daughters, attempting to coax them from inside the residence. While Bails continued to yell outside, Fugett called the police. At approximately 9:44 p.m.,

---

[1] This case was set for an oral argument on November 15, 2018, at North Central High School in Indianapolis. However, due to inclement weather the oral argument was cancelled. While we believe that we can resolve the matter without rescheduling, we sincerely thank both parties and the school for their willingness to participate.

Indianapolis Metropolitan Police Officers Scott Charleswood and John Henderson arrived at Fugett's residence. Fugett came out to meet the officers on her front porch. Officer Charleswood observed Bails standing near a car yelling in an angry and aggressive tone at Fugett and Fugett's daughters. Bails pushed her way onto the porch without answering Officer Charleswood's inquiry into what the problem was. At this point, Fugett's two daughters stepped in front of Fugett to shield her from Bails as Bails began throwing punches, and Fugett attempted to punch back. At some point, Bails landed a punch which knocked Fugett unconscious.

[4] On June 22, 2017, the State charged Bails with one count of Class A misdemeanor battery resulting in bodily injury. Following a bench trial held on March 8, 2018, the trial court found Bails guilty as charged and sentenced her to 365 days of incarceration, with sixty days executed and the rest suspended to probation.

# Discussion and Decision

[5] Bails contends that the State failed to produce sufficient evidence to rebut her self-defense claim. "The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim." *Wilson v. State*, 770 N.E.2d 799, 801 (Ind. 2002). When reviewing sufficiency of the evidence, we consider only the probative evidence and reasonable inferences supporting the trial court's decision. *Tharpe v. State*, 955 N.E.2d 836, 844 (Ind. Ct. App. 2011), *trans. denied*.

It is the factfinder's role, not ours, to weigh the evidence and assess witness credibility to determine whether the evidence is sufficient to support a conviction. *Id.* To preserve this structure, when we are confronted with conflicting evidence, we must consider it most favorably to the trial court's ruling. *Id.* "We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* "It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the trial court's decision." *Id.*

[6] Self-defense is a legal justification for an otherwise criminal act. *Bryant v. State*, 984 N.E.2d 240, 250 (Ind. Ct. App. 2013), *trans. denied*. To prevail on a self-defense claim, the defendant must establish that she (1) was in a place where she had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. *Wilson*, 770 N.E.2d at 800. "Reasonable fear" requires both a subjective belief that death or great bodily harm will occur and an objective belief such that a reasonable person under the circumstances would hold that same belief of harm. *Washington v. State*, 997 N.E.2d 342, 349 (Ind. 2013). A defendant, however, is not justified in using force if that person "has entered into combat with another person or is the initial aggressor unless the person withdraws from the encounter and communicates to the other person the intent to do so and the other person nevertheless continues or threatens to continue unlawful actions." Ind. Code § 35-41-3-2. When a defendant claims self-defense, the State must

rebut at least one element of self-defense beyond a reasonable doubt by presenting additional evidence or relying on the evidence in its case-in-chief. *Tharpe*, 955 N.E.2d at 844–45.

[7] The State presented sufficient evidence to rebut Bails's self-defense claim. First, Bails had no right to be at Fugett's residence: Fugett never invited Bails to the residence and, in fact, called Bails's godmother to have someone come remove Bails from the residence. Moreover, Bails was the initial aggressor and participated willingly in the fighting. Officer Charleswood only observed aggressive behavior from Bails. Bails refused to tell the officer what the problem was, charged through a group of people trying to stop her, and began throwing punches at Fugett and Fugett's daughters. Fugett did not throw the first punch but, rather, hid behind her daughters as they shielded her from Bails's punches. Finally, while Bails might have genuinely believed she was going to be killed or suffer great bodily injury, that belief was not reasonable under the circumstances. A reasonable person receiving threatening voicemails and fearing for her life would not leave the safety of her own home and travel to the residence of the person making those threats. Bails even admits that in "hindsight, it certainly may not have been the correct decision under all the circumstances." Appellant's Br. p. 9. Additionally, two police officers had arrived on the scene prior to the fight. When asked by officers what the problem was, a reasonable person would have sought police protection instead of running onto the porch towards the person she feared was going to cause her

grave harm. Bails has failed to establish that the State produced insufficient evidence to rebut her claim of self-defense.

[8] The judgment of the trial court is affirmed.

Altice, J., and Tavitas, J., concur.