## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 30 2019, 10:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William T. Myers
McKown, Whitehurst and Myers, LLP
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Samuel E. Moore, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 30, 2019 <br><br> Court of Appeals Case No. 19A-CR-523 <br><br> Appeal from the Huntington Superior Court <br><br> The Honorable Jennifer E. Newton, Judge <br><br> Trial Court Cause No. 35D01-1806-CM-424 |

**Mathias, Judge.**

[1] Samuel E. Moore ("Moore") was convicted in Huntington Superior Court of Class A misdemeanor domestic battery. Moore appeals his conviction and

argues that the State failed to present sufficient evidence to rebut his claim of self-defense. We affirm Moore's conviction.

## Facts and Procedural History

Moore is seventeen-year-old J.H.'s stepfather. On June 12, 2018, J.H. arrived at home accompanied by three friends in his friend's vehicle. He told Moore and his mother that he was spending the night at a friend's home. He packed clothing, said goodbye, and returned to the rear driver's side seat of his friend A.R.'s vehicle.

As A.R. drove away from J.H.'s home, J.H. turned up the volume of the music playing in the car. Moore became angry because the music in the vehicle was louder than Moore felt was appropriate. Moore got into his truck and followed A.R.'s vehicle. When he caught up to A.R.'s car, Moore passed the car and came to a stop in the middle of the road. A.R. had to "stomp" on the brakes to avoid hitting Moore's truck. Tr. Vol. 2, p. 29.

Moore exited his truck and approached A.R.'s vehicle. He yelled at J.H. and his friends that the music was too loud. He threatened to slash the tires, "cut the speakers" from A.R.'s vehicle and "beat all of [their] asses." Tr. Vol. 2, pp. 30, 70, 136.

J.H. told Moore not to threaten his friends. Moore then punched J.H. in the shoulder and arm through the open car window. Tr. Vol. 2, pp. 31, 102. Moore tried to pull J.H. out of the car by his legs. When J.H. kicked Moore, Moore let go, and J.H. exited the car. Moore then punched J.H. three times in the face

and ripped J.H.'s shirt. J.H. tried to punch Moore but missed so he pushed Moore away from him.

[6] Off-duty Huntington Police Department Officer Andrew Ellet ("Officer Ellet") was driving home when he saw J.H. and Moore fighting in the middle of the road. Moore was "in a boxer stance" and "challenging [J.H.] to a fight." Tr. Vol. 2, p. 157. J.H. was backing away from Moore.

[7] Officer Ellet called police dispatch and identified himself to Moore and J.H. as a police officer. The officer told Moore and J.H. to stop fighting. Moore stopped trying to punch J.H. and yelled to the officer "[w]hat the f**k are you going to do." Tr. Vol. 2, p. 158. J.H. also yelled profanity to the officer. Tr. Vol. 2, p. 169.

[8] Moore returned to his truck and drove home. The officer followed him. Officer Ellet approached Moore while Moore was standing in his driveway. Moore was upset and yelled at the officer. The officer attempted to discuss the incident with J.H.'s mother, but Moore interrupted and said, "I chased him to beat his ass . . . because he was disrespectful." Tr. Vol. 2, p. 161.

[9] A few minutes later, J.H. and his friends returned to the house because J.H. wanted to pack the rest of his belongings so that he could move out of Moore's home. Shortly thereafter, on-duty uniformed officers arrived. One officer photographed blood splatter on A.R.'s vehicle. The officers interviewed Moore, J.H., A.R., and the two other teenagers in the vehicle who witnessed the incident. Moore admitted to an investigating officer that he chased A.R.'s

vehicle because of the volume of the music, and that he initiated the physical altercation by punching J.H. Tr. Vol. 2, pp. 186, 206. J.H. had a black eye, a swollen lip and scratches on his neck. J.H.'s eye was swollen shut for two days. Moore did not have any injuries.

[10] On June 14, 2018, the State charged Moore with Class A misdemeanor domestic battery. A jury trial was held on January 25, 2019. Moore claimed that he acted in self-defense. The jury found Moore guilty as charged. The trial court sentenced Moore to 365 days, with 185 days suspended to probation and 180 days served on electronic monitoring. Moore now appeals.

## Discussion and Decision

[11] Citing his own self-serving testimony at trial, Moore claims that the State failed to rebut his claim of self-defense. The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency claim. *Wilson v. State*, 770 N.E.2d 799, 801 (Ind. 2002). We consider only the probative evidence and reasonable inferences supporting the trial court's decision. *Tharpe v. State*, 955 N.E.2d 836, 844 (Ind. Ct. App. 2011), *trans. denied*. We neither reweigh the evidence nor judge the credibility of witnesses. *Wilson*, 770 N.E.2d at 801. The trier of fact is entitled to determine which version of the incident to credit and is the sole judge of the effect that any discrepancies or contradictions might have on the outcome of the case. *Scott v. State*, 867 N.E.2d 690, 695 (Ind. Ct. App. 2007), *trans. denied*.

[12] Self-defense is a legal justification for an otherwise criminal act. *Bryant v. State*, 984 N.E.2d 240, 250 (Ind. Ct. App. 2013), *trans. denied*. "A person is justified in using reasonable force against any other person to protect the person . . . from what the person reasonably believes to be the imminent use of unlawful force." Ind. Code § 35-41-3-2(c). The person, however, is not justified in using force if, among other things, "the person has entered into combat with another person or is the initial aggressor unless the person withdraws from the encounter and communicates to the other person the intent to do so and the other person nevertheless continues or threatens to continue unlawful action." I.C. § 35-41-3-2(g)(3).

[13] To prevail on his self-defense claim, Moore had to show that he: "(1) was in a place where he had a right to be; (2) acted without fault; and (3) was in reasonable fear o[r] apprehension of bodily harm." *Richardson v. State*, 79 N.E.3d 958, 964 (Ind. Ct. App. 2017), *trans. denied*. When a claim of self-defense finds support in the evidence, the State bears the burden of negating at least one of the necessary elements. *Id.* If a defendant is convicted despite his claim of self-defense, we will reverse only if no reasonable person could say that self-defense was negated beyond a reasonable doubt. *Id.*

[14] Here, in its case-in-chief, the State presented evidence that Moore was angry that J.H. and his friends were playing music loudly as they drove away from Moore's home. Moore drove his truck to chase down A.R.'s vehicle, passed the vehicle, and stopped in front of it in the middle of the roadway, causing A.R. to brake suddenly. Moore exited his truck and yelled at the teenagers that the

music was too loud. He threatened to slash the tires, "cut the speakers" from A.R.'s vehicle and to "beat all of [their] asses." Tr. Vol. 2, pp. 30, 70, 136. Moore then punched J.H. two times through the open window of A.R.'s vehicle. After J.H. exited the vehicle, Moore punched him two or three additional times. J.H. shoved Moore once and tried to punch Moore but missed. J.H. sustained injuries to his face and neck. Moore was not injured.

[15] Moore was the initial aggressor in the physical encounter with J.H., J.H. did not threaten Moore, and Moore did not have a reasonable fear of bodily harm. Moore's argument that the State failed to rebut his claim of self-defense is supported only by his own testimony at trial. It was within the province of the jury to weigh Moore's credibility, and the State presented probative evidence from which the jury reasonably determined that Moore did not act in self-defense. We therefore conclude that the State presented sufficient evidence to prove that Moore committed Class A misdemeanor domestic battery and affirm his conviction.

[16] Affirmed.

Robb, J., and Pyle, J., concur.